*Court of Common Pleas, Dauphin County, December 9th, 1853.*

ELLIOTT *v.* BRINZER.

The laws granting stays of execution were only intended for the benefit of the debtor, not of his judgment creditor. The violation of an agreement to give a stay of execution by a creditor is not such a fraud upon other judgment creditors as will entitle them to have the execution set aside. The court will not direct an issue to try facts, unless they shall be such as appear to the judge to require one.

BY THE COURT.—This case came before the court originally on an application by the defendant to set aside the execution, open the judgment, and let him in to a defence; and could the averments contained in his affidavit have been sustained by proof, there would have been ample ground to set aside the execution and order a stay for one year, as agreed upon by the parties at the time of making the contract. But, unfortunately for the applicant, there was not a tittle of evidence to show the agreement for a stay, except his own affidavit; consequently, it was rejected. Abram C. Brinzer, a judgment creditor, now applies for an issue to establish, "that the judgment was fraudulently obtained from the defendant and collusive as to creditors," and relies on the affidavit of the defendant, on file in the former application, to establish the fraud and collusion. Does it prove it? As we understand the case, it shows that the property was purchased under a promise that there should be a stay of execution for one year. There is no pretence that the goods did not come to the hands of the defendant; nor is it shown that there was any contrivance between plaintiff and defendant to defraud the creditors of the latter, but merely that a promised stay was not granted. We consider that it is clearly established on principle and authority, in Pennsylvania, that the stay of execution was intended for the benefit of the debtor, not for his other creditors; that the defendant in the execution above can take advantage of the agreement for a stay; and that an execution issued in violation of such restraint is not such a fraud upon creditors as is contemplated by law to justify or require the execution to be set aside (13 S. & R. 199; 1 Watts, 135; 8 W. & S. 389). The kind of case in which a creditor can be heard is, where there is collusion between his debtor and a third person to practice a fraud to his injury by entering a judgment, or issuing an execution, where there is no debt due. This is not that kind of case. There is no fraud intended against creditors; nor collusive judgments; but a bare violation of an agreement on the part of the creditor in ordering out an execution, when he had promised a stay for one year. The creditor cannot complain and has no right to be heard. By section 87 of the act of June 16th, 1836, the court was re-

quired to direct an issue in cases like this, on the application in writing of any person interested in the money to be distributed. But that is now changed by section 2d of the act of April 20th, 1846, which requires that the act shall be verified by affidavit, and shall appear to the court to be of such a character as to require an issue. In the present case, if all the facts averred were established by the clearest evidence, we do not consider that the creditor could be relieved; therefore, we refuse to grant an issue.

*Fox, for plaintiff.*

*Mumma, for defendant.*